UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

MATTHEW R. BUSKARD,

        Debtor.
_____/

Case No. 25-46017

Chapter 7

Judge Thomas J. Tucker

NORTH STAR PARTNERS, LLC,

        Plaintiff,

vs.

MATTHEW R. BUSKARD, *pro se*,

        Defendant.
_____/

Adv. No. 25-4229

**ORDER DISMISSING THIS ADVERSARY PROCEEDING, AS MOOT**

On November 13, 2025, the Plaintiff North Star Partners, LLC filed this adversary proceeding, seeking a determination that the Debtor/Defendant's debt to the Plaintiff is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), and 523(a)(4). On December 18, 2025, in a separate adversary proceeding, the Chapter 7 Trustee, Wendy Turner Lewis, obtained a default judgment denying the Debtor/Defendant's discharge under 11 U.S.C. § 727(a)(6). *See* Default Judgment in Adv. No. 25-4230 (Docket # 6 in Adv. No. No. 25-4230 (the "no-discharge order").

The Court concludes that the no-discharge order renders moot the Plaintiff's claims in this adversary proceeding. This is because the Plaintiff has received the dischargeability-related relief it was seeking in this adversary proceeding — namely, that the Debtor/Defendant's debt to the Plaintiff will not be discharged in the Debtor/Defendant's pending Chapter 7 bankruptcy

case.  *See, e.g., Michigan Unemployment Insurance Agency v. Pettibone* (*In re Pettibone*), 577 B.R. 689 (Bankr. E.D. Mich. 2017).

Thus, the Court is no longer able to grant the Plaintiff any meaningful relief in addition to what the Court has already ordered.  *Cf. Rosenfeld v. Rosenfeld* (*In re Rosenfeld*), 535 B.R. 186, 193-96 (Bankr. E.D. Mich. 2015), *aff'd,* 558 B.R. 825 (E.D. Mich. 2016), *aff'd* 698 F. App'x 300 (6th Cir. 2017) (dismissing, for lack of jurisdiction, a creditor's adversary proceeding seeking an order denying the debtor a discharge under several provisions of 11 U.S.C. § 727(a), where the debtor's debt to the creditor was nondischargeable under 11 U.S.C. § 523(a)); *Mapley v. Mapley* (*In re Mapley*), 437 B.R. 225, 227-30 (Bankr. E.D. Mich. 2010) (same).

Because the Plaintiff's claims have been rendered moot, this bankruptcy court no longer has authority or subject matter jurisdiction over this adversary proceeding.  *See, e.g. Pettibone*, 577 B.R. at 690; *Cowan v. Ladosenszky* (*In re Ladosenszky*), 617 B.R. 275, 277-78 (Bankr. E.D. Mich. 2020).

For these reasons,

IT IS ORDERED that this adversary proceeding is dismissed, as moot, and for lack of subject matter jurisdiction.

**Signed on December 18, 2025**    /s/ Thomas J. Tucker

**Thomas J. Tucker**
**United States Bankruptcy Judge**